UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:13-CR-26-JVB-APR |
| ) | |
| SCOTT MATTHEW FILBEY, ) | |
|     Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on a Letter [DE 45], filed by Defendant Scott Matthew Filbey, *pro se*, on May 29, 2020. In the letter, Defendant asks for appointed counsel to aid Defendant in seeking compassionate release due to the COVID-19 pandemic. Defendant states that he has "chronic conditions that would further compromise [his] immune system should [he] also be diagnosed with Covid-19." (Mot., ECF No. 45).

## BACKGROUND

On January 23, 2013, a criminal complaint was filed against Defendant. He was arrested on February 8, 2013, pursuant to an arrest warrant. He was held without bond pending trial. On February 21, 2013, an Indictment was filed, charging Defendant with two counts of production of child pornography in violation of 18 U.S.C. § 2251(a).

On July 24, 2013, Defendant pled guilty to the two counts against him pursuant to a plea agreement. At the January 14, 2014 sentencing hearing, the Court sentenced Defendant to a total of 342 months imprisonment and twenty years supervised release. Defendant is currently confined at the Federal Correctional Facility Fort Dix (FCI-Fort Dix) in New Jersey.

On June 5, 2020, Defendant filed the instant letter, noting his chronic conditions and the current COVID-19 pandemic. In a letter to his warden, Defendant represented that he suffers from

high blood pressure, depression, obesity, irritable bowel syndrome, and other unnamed chronic conditions. *See* (Resp. Ex. 1, ECF No. 48-1).

## ANALYSIS

### A. Request for Counsel

The Sixth Amendment right to counsel only extends through a defendant's first appeal. *See Coleman v. Thompson*, 501 U.S. 722, 756 (1991). The instant letter is not an appeal, and, regardless, Defendant's deadline to file a notice of appeal expired in 2015. Defendant has no constitutional right to counsel to aid in his pursuit of compassionate release under 18 U.S.C. § 3582(c)(1)(A).

Regarding a potential statutory right to counsel, the Criminal Justice Act (CJA), codified at 18 U.S.C. § 3006A, governs appointments of counsel in criminal cases. Under the CJA, "[a] person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States magistrate judge or the court through appeal, including ancillary matters appropriate to the proceedings." 18 U.S.C. § 3006A(c).

The ability of a defendant to bring a motion for compassionate release under § 3582(c)(1)(A) is relatively new, but the Seventh Circuit Court of Appeals had, prior to the amendment to § 3582 that permitted defendant-filed motions, determined that a motion under § 3582(c) is not an "ancillary matter" such that the CJA mandates appointed counsel. *See United States v. Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999) ("How a district judge elects to consider a § 3582(c) motion to reduce a sentence is largely a matter of discretion. The judge can appoint counsel for a movant, but need not do so."). Accordingly, Defendant has no statutory right to appointed counsel.

Whether to appoint counsel is a matter for the Court's discretion. *See id.* When the § 3582 motion was filed, the Court referred it to the Federal Community Defender to consider filing a supplemental brief on Defendant's behalf. The Federal Community Defender declined to file such a brief. Under the circumstances, the Court exercises its discretion and finds that appointment of counsel is not warranted. The motion for appointed counsel is denied.

### B. Compassionate Release

The Court now turns to the implied request for compassionate release. Under 18 U.S.C. § 3582(c)(1)(A), the Court can grant a defendant's motion for compassionate release if the defendant complied with the administrative exhaustion requirement and the Court, having considered the factors found at 18 U.S.C. § 3553(a) as applicable, finds that extraordinary and compelling reasons warrant compassionate release and that compassionate release is consistent with the United States Sentencing Commission's applicable policy statements.

The Government concedes that Defendant's attempt to pursue administrative remedies permits the Court to consider Defendant's request. There is no exhaustion requirement issue to resolve here.

Congress tasked the Sentencing Commission with promulgating a policy statement on § 3582(c)(1)(A) and the definition of "extraordinary and compelling reasons." 28 U.S.C. § 994(t). The policy statement, found in the application notes to § 1B1.13 of the United States Sentencing Guidelines Manual, provides, as is relevant here, that a defendant's medical condition is an extraordinary and compelling reason when the defendant's serious physical or medical condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility" and the defendant is not expected to recover from the condition. U.S. Sentencing Guidelines Manual § 1B1.13 cmt. 1.

On May 6, 2020, Dr. Pradip Patel filled out a Reduction In Sentence Medical Review/Summary form in response to Defendant's administrative request for compassionate release. (Resp. Ex. 2, ECF No. 48-2). Dr. Patel stated that, out of the conditions listed by Center for Disease Control Guidelines listed as creating a higher risk for severe illness from COVID-19, Defendant has only hypertension. *Id.* at 4. Further, Dr. Patel noted that Defendant's hypertension is well controlled, meaning that Defendant has only an average risk for severe illness if he should contract COVID-19. *Id.* Defendant presented no evidence or argument of his own to counter Dr. Patel's findings. Because Defendant is only at an average risk, the Court does not find that he has an extraordinary and compelling reason that warrants compassionate release.

Further, FCI-Fort Dix, where Defendant is incarcerated, has not had extremely high rates of infection. Out of the 2,766 inmates, there are currently 14 inmates with positive COVID-19 test results and 28 inmates and 5 staff who have recovered. *See* https://www.bop.gov/coronavirus/ (last visited June 25, 2020); https://www.bop.gov/locations/institutions/ftd/ (last visited June 25, 2020). No inmates or staff have died from COVID-19 at Fort Dix. COVID-19 is not restricted to places of incarceration, and he would bear a risk of infection even if he were released.

Given a lack of medical evidence indicating that Defendant is at a particular health risk from possible contraction of COVID-19, there is no extraordinary and compelling reason to grant compassionate release. However, in denying the relief requested in Defendant's letter, the Court

> do[es] not mean to minimize the risks that COVID-19 poses in the federal prison system . . . . But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering [the Bureau of Prisons'] statutory role, and its extensive and professional efforts to curtail the virus's spread.

*United States v. Raia*, 954 F.3 594, 597 (3d Cir. 2020).

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** the relief requested in the Letter [DE 45].

SO ORDERED on June 25, 2020.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT
